Stayton, Associate Justice.
The State of Texas caused an •execution, which issued under a judgment rendered in its favor against A. A. Thomas, to be levied on certain personal property. The appellee made claim and gave bond, as required by the statute, to try the right of property. At a former day of the term a motion was made to strike from the transcript what purported to be a paper substituted for the issue tendered in the *680 case by the State, which was sustained, because it appeared -that the necessary steps had not been taken to make a valid substitution. No request has been made to perfect the record, and the case was submitted upon a transcript which does not show what issue or issues the State tendered, nor upon what issue the trial was had.
The bills of exceptions inform us that the State proposed to-prove that the property in controversy was conveyed by Thomas to the appellee with intent to hinder, delay and defraud his creditors. These bills, without informing us what the rejected evidence was, state that it was rejected because the “plaintiff’s pleadings did not authorize the testimony.” In actions of this character, the statute directs that “the court or justice shall direct an issue to be made up in writing between the parties and tried as in other cases.” (Revised Statutes,‘4833.) The purpose-of an issue in these cases is the same as in other classes of cases, and it must be made before a case can be intelligently and fairly tried.
The succeeding section of the statute indicates, in a .general way, of what the issue shall consist; but, as in this case, it does-not appear that an issue was made, it is not necessary or proper that we should inquire with what degree of particularity the facts which go to form the issue should be stated. Under the facts which appear in this case, we can conceive an issue under which the character of evidence offered would not have been admissible, and we must hold, under the statement made by the-judge in signing the bills of exceptions, that the ruling of the court below was correct, for the record does not inform us what-issue was made.
It is urged that the court erred in not giving a charge as to the lien which the State may have under given facts. An inspection of the transcript does not show that any such charge was asked, and in such cases it is very generally held that one who has not asked that an instruction shall be given, or in some way intimated to the court that a necessity for a given instruction exists, can not urge the failure to give a charge as ground for reversal. In addition to this it can not be shown from the record that any issue was made which would have made such a charge necessary or proper.
The charge contained in the fifth paragraph of the instructions, under an issue which might be made when a claimant is in possession of and entitled to the possession of property *681 claimed, would be correct. The charge as to what would constitute a sale, if an issue had been formed which required an inquiry as to whether Thomas had sold the property to the appellee, was not favorable to the appellant, for it made a delivery of property necessary to pass title.
Opinion delivered October 25, 1887.
We find no error in the judgment and it will be affirmed.

Affirmed.